IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILLIP E. SMITH,<br><br>     Plaintiff,<br><br> vs.<br><br>CITY OF GRAND ISLAND, a political subdivision of the State of Nebraska; DEAN ELLIOTT, individually as patrol captain and supervisor of the Grand Island police department; JUSTIN ROEHRICH, individually as an employee of the city of Grand Island and an officer with the Grand Island police department; BRADLEY BROOKS, individually as an employee of the city of Grand Island and sergeant with the Grand Island police department; and JOSE RODRIGUEZ, individually as an employee of the city of Grand Island and an officer with the Grand Island police department;<br><br>     Defendants. | 8:19CV473<br><br>MEMORANDUM AND ORDER |

   This matter is before the court on Plaintiff's motion (filing 24) seeking the appointment of counsel. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id*.

This case is still in its early stages, and it is not clear that Plaintiff and the court will benefit from the appointment of counsel at this point. The facts underlying Plaintiff's claims are not complex, nor are the legal arguments regarding those claims. Further, the court notes that Plaintiff has been able to file clear and understandable materials with the court, indicating his basic ability to present his claims. While Plaintiff represents that his access to the law library and commissary at USP-Leavenworth has been limited due to a COVID-19 lockdown beginning September 2, 2020, Plaintiff was able to submit the present motion on or about September 16, 2020. Moreover, USP-Leavenworth recently modified its visiting procedures effective October 13, 2020, to allow inmate visiting at the institution.[1] Thus, the court doubts Plaintiff would be denied all law library access when visitation is permitted and given that he is faced with court-ordered progression deadlines. Accordingly, Plaintiff's request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that: Plaintiff's Motion to Appoint Counsel (filing 24) is denied without prejudice to reassertion.

Dated this 2nd day of November, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[1] *See* United States Department of Justice, Federal Bureau of Prisons, USP Leavenworth, Special Visiting Schedule & Procedures, Institution Supplement, https://www.bop.gov/locations/institutions/lvn/lvn_tvp.pdf.