IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILLIP E. SMITH,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF GRAND ISLAND, a political subdivision of the State of Nebraska; DEAN ELLIOTT, individually as patrol captain and supervisor of the Grand Island police department; JUSTIN ROEHRICH, individually as an employee of the city of Grand Island and an officer with the Grand Island police department; BRADLEY BROOKS, individually as an employee of the city of Grand Island and sergeant with the Grand Island police department; and JOSE RODRIGUEZ, individually as an employee of the city of Grand Island and an officer with the Grand Island police department;<br><br>        Defendants. | 8:19CV473<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Plaintiff's Notice of Intent (filing 29) to serve subpoenas pursuant to Fed. R. Civ. P. 45 and Defendants' Objection (filing 36) to the subpoenas.

## I. BACKGROUND

      Plaintiff's Notice of Intent indicates it was prepared by Plaintiff and mailed to the court for filing on January 6, 2021. The Notice of Intent was received and filed by the court on January 14, 2021. Counsel for Defendants received the Notice

of Intent via e-service on January 14, 2021, and via regular mail service from the Plaintiff on January 19, 2021. In the Notice of Intent, Plaintiff indicates he will issue subpoenas on or after January 20, 2021, to the City of Grand Island, Nebraska (and its former City Attorney, current City Administrator), which is a named Defendant in this case, seeking

> all complaint records, clerk's visitation sign in sheet[,] clerk's notes[,] submission[,] or reports to insurance companies, letters or reports to attorneys, correspondence reports[,] all lobby and city hall conference room audio and/or video of May 31, 2016 in between 2 thru 3pm involving [Plaintiff].

(Filing 29 at CM/ECF p. 2.)

Defendants filed their Objection with the court on January 21, 2021. (Filing 36.) Defendants object to the issuance of the subpoenas on the basis that (1) the subpoena is directed towards a named Defendant and Rule 45 governs subpoenas to non-parties and (2) the request is ambiguous, overbroad, and unduly burdensome and (3) likely seeks materials protected by the attorney-client privilege and/or work-product doctrine. Defendants ask the court to sustain the objection or, alternatively, limit the subpoena to exclude non-discoverable materials with direction to Plaintiff to clarify the extent and substance of the subpoena.

## II. DISCUSSION

> In general, the procedure for procuring compliance with a third-party subpoena is as follows. Under the Local Rules of Practice, NECivR 45.1(a), the party or parties requesting third-party discovery . . . must begin by serving notice to the other parties . . . of their intention to serve the third-party subpoena (*see* Fed.R.Civ.P. 45(b)(1)). The notice must state "the name and address of the nonparty being subpoenaed, the documents or items to be produced or inspected, the time and place for production or inspection, and the date on which the subpoena will issue." NECivR 45.1(a). The adverse

parties then have 7 days to serve written objections to the proposed subpoena. NECivR 45.1(b).

If objections are served, then the proposed subpoena may not be issued until all objections are resolved by the court; however, the court will not rule on any objections unless a party files an appropriate motion in accordance with NECivR 7.1.

*Lewton v. Divingnzzo*, No. 8:09CV2, 2010 WL 4530369, at *1 (D. Neb. Nov. 2, 2010).

Here, Plaintiff has served notice to Defendants of his intent to serve a Rule 45 subpoena, and Defendants filed[1] and served their Objection on Plaintiff. However, neither party has filed an appropriate motion in order to resolve Defendants' objection. Also, there is nothing in the court file to indicate that any subpoenas were issued by the clerk of the court. While an attorney as an officer of the court may issue and sign a subpoena, *see* Fed. R. Civ. P. 45(a)(3), Plaintiff, as a pro se party, is not authorized to do so. Thus, as far as the court can tell, no subpoenas have been issued and served on the City of Grand Island or its former City Attorney, current City Administrator. *See* Fed. R. Civ. P. 45(b)(1) (providing that a party may not serve a subpoena).

Accordingly, the court liberally construes Plaintiff's Notice of Intent as a motion to subpoena the requested materials from the City of Grand Island, which is a party to this case. To the extent Plaintiff desires to discover documents and other materials from the City, he should do so pursuant to Fed. R. Civ. P. 34, not Fed. R. Civ. P. 45, which governs subpoenas to non-parties. Rule 34 provides that a party

---

[1] "Objections under NECivR 45.1(b) are to be served on the party proposing service of third party subpoenas. These objections need not be and are not typically filed of record with the court except as evidence in support of an unresolved motion for protective order or to compel compliance with the subpoenas." *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, No. 8:10CV187, 2018 WL 5980973, at *5 n.3 (D. Neb. Nov. 14, 2018).

may serve a request on another party to produce relevant and non-privileged documents in the party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Plaintiff has not submitted such a request.[2] Plaintiff's motion for a subpoena is, therefore, denied.

In light of the court's ruling on Plaintiff's Notice of Intent, Defendants' Objection is denied as moot.

IT IS THERFORE ORDERED that:

1. Plaintiff's Notice of Intent (filing 29), construed as a motion for subpoenas under Fed. R. Civ. P. 45, is denied.

2. Defendants' Objection (filing 36) is denied as moot.

Dated this 26th day of February, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[2] If Plaintiff should renew his request for the materials he seeks in a Rule 34 request to Defendants, the parties should be mindful of their obligation to confer and consult with each other to resolve any discovery related differences before seeking the court's intervention. *See* NECivR 7.1(i).