## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

PHILLIP E. SMITH,

                 Plaintiff,

     vs.

CITY OF GRAND ISLAND, a political subdivision of the State of Nebraska; DEAN ELLIOTT, in his individual capacity; JUSTIN ROEHRICH, in his individual capacity; BRADLEY BROOKS, in his individual capacity; and JOSE RODRIGUEZ, in his individual capacity;

              Defendants.

**8:19CV473**

**MEMORANDUM AND ORDER**

On May 7, 2021, Defendants filed a Motion to Continue Progression Order (filing 42), in which they request that deadlines established in the court's February 26, 2021 progression order (filing 41) be extended for a period of 90 days. Plaintiff has not made any response to Defendants' motion.

A case progression schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only after the movant makes a showing of due diligence. *Smith v. Miller*, No. 8:19CV298, 2020 WL 2793566, at *1 (D. Neb. May 29, 2020) (citing cases).

This is Defendants' second request for a 90-day extension of the progression deadlines. (*See* Filings 38 & 41.) Plaintiff also previously requested and received a 90-day extension of the progression schedule as well as a 30-day extension of certain discovery deadlines. (*See* Filings 22 & 27.) However, as Defendants' motion demonstrates, neither Defendants nor Plaintiff have intentionally delayed progression of this matter as much of the delay in the parties' exchange of written discovery requests is the result of mailing restrictions at Plaintiff's institution and limitations imposed by the institution due to the COVID-19 pandemic. Defendants have demonstrated that they have acted with due diligence and that additional time is necessary to complete discovery. The court finds neither Defendants nor Plaintiff will be unfairly prejudiced by continuing the progression deadlines in this matter.

The court finds Plaintiff's motion should be granted. The deadlines to complete depositions, file motions to compel, and file dispositive motions identified in the court's previous progression order (filing 41) will be extended for 90 days, and an amended progression order will be entered and a new Final Pretrial Conference date scheduled.

IT IS THEREFORE ORDERED:

1.     Defendants' Motion to Continue Progression Order (filing 42) is granted, and the court's progression order (filing 41) is modified as follows:

     a.     The deadline for completing depositions is extended from May 17, 2021, to August 16, 2021.

     b.     The deadline for filing motions to compel discovery is extended from May 31, 2021, to August 30, 2021.

     c.     The deadline for filing dispositive motions is extended from June 14, 2021, to September 13, 2022.

2.    The Magistrate Judge shall enter an Amended Order Setting Schedule for Progression of Case, which will incorporate the date changes outlined above, establish a schedule for preparation of the Order on Final Pretrial Conference, and schedule a date for the Final Pretrial Conference commensurate with the foregoing deadlines.

Dated this 21st day of May, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge