IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILLIP E. SMITH,<br><br>          Plaintiff,<br><br>  vs.<br><br>CITY OF GRAND ISLAND, a political subdivision of the State of Nebraska; DEAN ELLIOTT, individually as patrol captain and supervisor of the Grand Island police department; JUSTIN ROEHRICH, individually as an employee of the city of Grand Island and an officer with the Grand Island police department; BRADLEY BROOKS, individually as an employee of the city of Grand Island and sergeant with the Grand Island police department; and JOSE RODRIGUEZ, individually as an employee of the city of Grand Island and an officer with the Grand Island police department;<br><br>          Defendants. | 8:19CV473<br><br>**MEMORANDUM AND ORDER** |

       This matter is before the court on Plaintiff's Motion to Continue Progression Order filed on December 23, 2021. (Filing 66.) Plaintiff asks the court to extend the deadlines for filing motions to compel and dispositive motions by 45 days because he is being transferred to a different facility and will lack access to his property and legal documents during the transfer. Plaintiff asks for the extension "[t]o give Plaintiff time to make it through transit, arrive at the next facility and to receive property with legal documents." (*Id*. (spelling corrected).)

A case progression schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only after the movant makes a showing of due diligence. *Smith v. Miller*, No. 8:19CV298, 2020 WL 2793566, at *1 (D. Neb. May 29, 2020) (citing cases).

Here, Plaintiff does not indicate that he intends to file either a motion to compel or a dispositive motion. Plaintiff last served Defendants with discovery requests on or about December 7, 2021 (filing 64), and Defendants filed a certificate of service on January 6, 2022, certifying that Defendants' responses were mailed to Plaintiff at both his current address on file with the court (USP-Leavenworth) and his new facility (FCI Beckley).[1] Given the lack of any indication that Plaintiff intends to file a motion to compel or a dispositive motion, the court cannot assess Plaintiff's due diligence in attempting to meet such deadlines. The court, therefore, is disinclined to extend the deadlines any further.

Moreover, Defendants have now filed a motion for summary judgment (filing 68), again serving Plaintiff at both USP-Leavenworth and FCI Beckley. To the extent Plaintiff's motion can be construed as simply seeking adequate time to respond to deadlines imposed during his transfer to a new facility, the court is certainly willing to permit that. Accordingly, the court will extend the deadline for Plaintiff to file a brief in opposition to Defendants' summary judgment motion

---

[1] The Federal Bureau of Prisons Inmate Locator shows that Plaintiff is now housed at FCI Beckley. See https://www.bop.gov/inmateloc/.

from February 2, 2022, to February 28, 2022, thus giving Plaintiff 45 days to respond.[2]

Finally, Plaintiff has an obligation to keep the court informed of his current address at all times. *See* NEGenR 1.3(e) and (g) (requiring pro se parties to adhere to local rules and inform the court of address changes within 30 days). Clearly, Plaintiff's address has changed, and he must update his address with the court accordingly.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Continue Progression Order (filing 66) is denied in part and granted in part as follows:

   a. Plaintiff's request to extend the deadlines to file motions to compel and dispositive motions is denied;

   b. Liberally construing Plaintiff's motion as a request to extend deadlines imposed during his transfer to a new facility, Plaintiff's deadline to respond to Defendants' summary judgment motion is extended to February 28, 2022.

2. The Clerk of Court is directed to set a pro se case management deadline using the following text: **February 28, 2022**: deadline for Plaintiff's brief in opposition to summary judgment motion.

3. Plaintiff must update his address within 30 days. Failure to do so may result in dismissal of the case without further notice.

---

[2] Pursuant to NECivR 7.1(b)(1)(B) and 56.1(b)(2), a brief opposing a motion for summary judgment must be filed within 21 days of service of the motion and supporting brief. Defendants' motion was filed on January 12, 2022.


4. The Clerk of Court is directed to set a pro se case management deadline using the following text: **February 14, 2022**: deadline for Plaintiff to update address.

5. The clerk of the court is directed to send a copy of this Memorandum and Order to Plaintiff at the address on file with the court and at FCI Beckley, 1600 Industrial Road, Beaver, WV 25813.

Dated this 13th day of January, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge